UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    No. 2:09-cr-00131-MCE

    Plaintiff,

  v.    ORDER

JERALD PETER D'SOUZA,

    Defendant.

----oo0oo----

The Court is in receipt of Defendant's Memorandum of Points and Authorities for Determination of Subject Matter Jurisdiction and Withdrawal of Plea Pursuant to Rule 11 ("Motion"). ECF No. 23. For the following reason, that Motion is DENIED.[1]

///
///
///
///
///

---

[1] Defendant's subsequent Request for CJA Appointment of Counsel, ECF No. 29, is thus DENIED as moot.

1

**BACKGROUND**

On August 27, 2009, Defendant pled guilty to Use of Facility in Interstate Commerce to Induce Minor to Engage in Criminal Sex Acts in violation of 18 U.S.C. § 2422(b). Section 2422(b) provides, in pertinent part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce...knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Pursuant to his Plea Agreement, Defendant specifically acknowledged and agreed that: 1) he used the internet to communicate with a user "shy_aimee," who Defendant believed was a 13-year old girl, but who was, in fact a Federal Bureau of Investigation confidential informant; 2) "[a]ll incoming and outgoing Internet transmissions of 'shy_aimee' traveled through an Internet server outside California"; 3) Defendant "planned to travel to Truckee to meet 'shy_aimee' to engage in sexual activity" and was, in fact, arrested in Truckee "after he arrived in Truckee to have sex with 'shy_aimee'"; and 4) "[d]uring a post Miranda consent interview...[Defendant] confessed that he used interstate technology and highways to travel to have sex with 'Aimee.'" Plea Agreement, ¶ 13.

///
///
///
///

Also as part of his plea agreement, Defendant agreed to "waive all rights in every respect to appeal directly (under 28 U.S.C. § 1291 and 18 U.S.C. § 3742) and collaterally (under 28 U.S.C. § 2255), including as to pleas of guilt, sufficiency of evidence, sentence imposed, conviction, and sentence calculation." Id., ¶ 23.

This Court sentenced Defendant on November 12, 2009, to a one-hundred twenty (120) month term of imprisonment, a one-hundred twenty (120) month term of supervised release and a $100 special assessment. Defendant was remanded that same day.

On August 25, 2011, Defendant filed his instant motion seeking to withdraw his guilty plea, purportedly pursuant to Federal Rule of Criminal Procedure 11, on the basis this Court lacked subject matter jurisdiction to enter judgment. Defendant's argument is rejected in its entirety.

**ANALYSIS**

Defendant claims that, despite his earlier confessions and his agreement to the stipulated facts within his plea agreement, newly discovered evidence indicates that the relevant "Internet incoming and outgoing messages did not travel outside of California, to constitute a federal interstate offense under 18 U.S.C. § 2422(b)." Motion, 3:1-3. Defendant further argues that "[t]he government did not verify from the server provider if the instant messages exchanged between the confidential informant and [Defendant] traveled outside the state prior to seeking an indictment from a federal grand jury in this case." Id.,

3

3:22-25. Defendant thus contends that the Government failed to establish the text messages underlying Defendant's conviction actually moved "between states."

Defendant's argument is flawed in a variety of ways. First, Defendant waived all rights to directly or collaterally attack his conviction when he entered his guilty plea. See United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) ("waiver of...appellate rights is enforceable if (1) the language of the waiver encompasses...right to appeal on the grounds raised; and (2) the waiver is knowingly and voluntarily made") (internal quotations and citations omitted); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (knowing and voluntary waiver of right to collaterally attack conviction is enforceable). Moreover, even if Defendant had not waived his right to collaterally attack his conviction, any such motion is time-barred. See 28 U.S.C. § 2255(f)(1). In addition, nothing in Rule 11 permits Defendant to withdraw his guilty plea post-sentencing. See Fed. R. Crim. P. 11(d), (e) (permitting withdrawal of guilty plea either before it is accepted by the Court or before the Court imposes sentence). Finally, even if not otherwise barred, Defendant's motion fails on the merits because: 1) Section 2422(b) does not require the Government to establish that Defendant's internet communications actually crossed state lines, but merely that Defendant utilized a "facility or means of interstate...commerce"; 2) Defendant admitted his communications traveled across state lines, see Plea Agreement, § 13(5);
///

4

3) Defendant admitted that he used <u>other</u> facilities in interstate commerce (<u>e.g.</u>, interstate highways) in the course of his criminal conduct, <u>see</u> <u>id.</u>; and 4) Defendant's "evidence" that his communications traveled only within California is <u>highly</u> speculative at best, <u>see</u> Motion, pp. 7-8. Accordingly, Defendant's Motion is DENIED.

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Withdraw Plea Agreement (ECF No. 23) and Defendant's Request for CJA Appointment of Counsel (ECF No. 29) are DENIED.

IT IS SO ORDERED.

Dated: February 6, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5